UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| NATALIE SMITH, | : | |
| Plaintiff, | : | Index No. 18 Civ. 09344 (LGS) |
| | : | |
| vs. | : | **ANSWER, SEPARATE DEFENSES, AND CROSS CLAIMS OF DEFENDANT EXTENSIS GROUP, LLC** |
| GHURKA TRADING & DESIGN, LLC, BRIGHTWORK BRAND HOLDINGS CORP., GREEM BULL BAGS JR LLC, GHURKA BRANDS, LLC, EXTENSIS GROUP, LLC, BANYAN MEZZANINE FUND II, L.P., ARNOLD COHEN, DIEGO MCDONALD, GLENN POLLACK, STEVEN LATKOVIC, ADAM KAPLAN, RICHARD STARKE and SIMONETTA MORRISON, | : : : : : : : : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Extensis Group, LLC (hereinafter "Extensis"), by and through its attorneys, Fisher & Phillips LLP, hereby submits the following Answer and Separate Defenses to the Amended Complaint of Plaintiff Natalie Smith ("Plaintiff") and Cross Claims against all named Co-Defendants in connection with the above-captioned action:

**AS TO NATURE OF THE ACTION**

1.      Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint and therefore denies said allegations.

2.      Extensis admits that Plaintiff purports to bring this action against Defendants pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, (the "ADA"), New York State Human Rights Law, Executive Law, 290 §§ *et seq.*, (the "State Law"), the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 *et seq.,* (the "City Law"), and the

Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*, for alleged violation of federal and local disabilities laws.   Extensis, however, denies that it has violated any provision of the aforementioned statutes or any other laws as to Plaintiff or that Plaintiff is entitled to any form of relief as alleged.

## AS TO JURISDICTION AND VENUE

3.      Extensis neither admits nor denies the allegation contained in paragraph 3 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

4.      Extensis neither admits nor denies the allegation contained in paragraph 4 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

5.      Extensis neither admits nor denies the allegation contained in paragraph 5 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

6.      The allegations contained in paragraph 6 of the Complaint require no response as they aver to Plaintiff's intention to serve a copy of the complaint upon a certain agency.   To the extent that Plaintiff is alleging that she has satisfied certain legal prerequisites, Extensis neither admits nor denies such allegation as it calls for a legal conclusion to which no responsive pleading is required.

7.      Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Amended Complaint and therefore denies said allegations.

## AS TO PARTIES

8.      Extensis denies the allegations contained in paragraph 8 of the Amended Complaint except to aver that it is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship.

FPDOCS 35988419.1

9.      Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Amended Complaint and therefore denies said allegations.

10.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Amended Complaint and therefore denies said allegations.

11.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Amended Complaint and therefore denies said allegations.

12.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Amended Complaint and therefore denies said allegations.

13.     Extensis admits only that it is Delaware corporation with its headquarters located in New Jersey.  Extensis avers that pursuant to the relevant professional employer organization ("PEO") agreement(s) and the New York Professional Employer Act, Extensis is considered a co-employer for very limited purposes.  While Extensis is statutorily required to "retain" the authority to terminate worksite employees, Extensis never exercised such authority with regard to Plaintiff. Extensis denies the remaining allegations contained in paragraph 13 of the Amended Complaint.

14.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Amended Complaint and therefore denies said allegations.

15.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Amended Complaint and therefore denies said allegations.

FPDOCS 35988419.1

16.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Amended Complaint and therefore denies said allegations.

17.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Amended Complaint and therefore denies said allegations.

18.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Complaint and therefore denies said allegations.

19.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Amended Complaint and therefore denies said allegations.

20.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Amended Complaint and therefore denies said allegations.

21.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Amended Complaint and therefore denies said allegations.

## AS TO FACTUAL ALLEGATIONS

22.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Amended Complaint and therefore denies said allegations.

FPDOCS 35988419.1

23.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Amended Complaint and therefore denies said allegations.

24.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Amended Complaint and therefore denies said allegations.

25.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Amended Complaint and therefore denies said allegations.

26.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Amended Complaint and therefore denies said allegations.

27.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Amended Complaint and therefore denies said allegations.

28.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Amended Complaint and therefore denies said allegations.

29.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Amended Complaint and therefore denies said allegations.

FPDOCS 35988419.1

30.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Amended Complaint and therefore denies said allegations.

31.     Extensis denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     Extensis denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Amended Complaint and therefore denies said allegations.

34.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Amended Complaint and therefore denies said allegations.

35.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Amended Complaint and therefore denies said allegations.

36.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Amended Complaint and therefore denies said allegations.

37.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Amended Complaint and therefore denies said allegations.

38.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Amended Complaint and therefore denies said allegations.

FPDOCS 35988419.1

39.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Amended Complaint and therefore denies said allegations.

40.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Amended Complaint and therefore denies said allegations.

41.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Amended Complaint and therefore denies said allegations.

42.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Amended Complaint and therefore denies said allegations.

43.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Amended Complaint and therefore denies said allegations.

44.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Amended Complaint and therefore denies said allegations.

45.     Extensis denies the allegations contained in paragraph 45 of the Amended Complaint.

46.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Amended Complaint and therefore denies said allegations.

FPDOCS 35988419.1

47.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Amended Complaint and therefore denies said allegations.

48.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Amended Complaint and therefore denies said allegations.

49.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Amended Complaint and therefore denies said allegations.

50.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Amended Complaint and therefore denies said allegations.

51.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Amended Complaint and therefore denies said allegations.

52.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Amended Complaint and therefore denies said allegations.

53.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Amended Complaint and therefore denies said allegations.

54.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Amended Complaint and therefore denies said allegations.

55.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Amended Complaint and therefore denies said allegations.

56.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Amended Complaint and therefore denies said allegations.

57.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Amended Complaint and therefore denies said allegations.

58.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Amended Complaint and therefore denies said allegations.

59.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Amended Complaint and therefore denies said allegations.

60.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Amended Complaint and therefore denies said allegations.

FPDOCS 35988419.1

61.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Amended Complaint and therefore denies said allegations.

62.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Amended Complaint and therefore denies said allegations.

63.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Amended Complaint and therefore denies said allegations.

64.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Amended Complaint and therefore denies said allegations.

65.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Amended Complaint and therefore denies said allegations.

66.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Amended Complaint and therefore denies said allegations.

67.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the Amended Complaint and therefore denies said allegations.

68.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the Amended Complaint and therefore denies said allegations.

69.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Amended Complaint and therefore denies said allegations.

70.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Amended Complaint and therefore denies said allegations.

71.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Amended Complaint and therefore denies said allegations.

72.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 of the Amended Complaint and therefore denies said allegations.

73.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Amended Complaint and therefore denies said allegations.

74.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Amended Complaint and therefore denies said allegations.

FPDOCS 35988419.1

75.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Amended Complaint and therefore denies said allegations.

76.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Amended Complaint and therefore denies said allegations.

77.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the Amended Complaint and therefore denies said allegations.

78.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Amended Complaint and therefore denies said allegations.

79.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79 of the Amended Complaint and therefore denies said allegations.

80.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80 of the Amended Complaint and therefore denies said allegations.

### AS TO FIRST CAUSE OF ACTION
**(For alleged ADA discrimination against Ghurka, BBH, GBB, and Ghurka Brands)**

81.     Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

82.     Extensis neither admits nor denies the allegation contained in paragraph 82 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

83.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the Amended Complaint and therefore denies said allegations.

84.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Amended Complaint and therefore denies said allegations.

85.     Extensis is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85 of the Amended Complaint and therefore denies said allegations.

## AS TO SECOND CAUSE OF ACTION
### (For alleged State Law discrimination against all Defendants)

86.     Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

87.     Extensis neither admits nor denies the allegation contained in paragraph 87 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

88.     Extensis denies the allegations contained in paragraph 88 of the Complaint.

89.     Extensis denies the allegations contained in paragraph 89 of the Complaint.

## AS TO THIRD CAUSE OF ACTION
### (For alleged City Law discrimination against all Defendants)

90.     Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

91.     Extensis neither admits nor denies the allegation contained in paragraph 87 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

92.     Extensis denies the allegations contained in paragraph 92 of the Complaint.

13

93.     Extensis denies the allegations contained in paragraph 93 of the Complaint.

94.     Extensis denies the allegations contained in paragraph 94 of the Complaint.

## AS TO FOURTH CAUSE OF ACTION
### (For alleged ADA retaliation against Ghurka, BBH, GBB, and Ghurka Brands)

95.     Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

96.     Extensis neither admits nor denies the allegation contained in paragraph 96 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

97.     Extensis neither admits nor denies the allegation contained in paragraph 97 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

98.     Extensis neither admits nor denies the allegation contained in paragraph 98 of the Amended Complaint as they call for a legal conclusion to which no responsive pleading is required.

## AS TO FIFTH CAUSE OF ACTION
### (For alleged State Law retaliation against all Defendants)

99.     Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

100.    Extensis denies the allegations contained in paragraph 100 of the Complaint.

101.    Extensis denies the allegations contained in paragraph 101 of the Complaint.

## AS TO SIXTH CAUSE OF ACTION
### (For alleged City Law retaliation against all Defendants)

102.    Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

103.    Extensis denies the allegations contained in paragraph 103 of the Complaint.

104.    Extensis denies the allegations contained in paragraph 104 of the Complaint.

14

105.    Extensis denies the allegations contained in paragraph 105 of the Complaint.

## AS TO SEVENTH CAUSE OF ACTION
### (For alleged FMLA interference against Ghurka, BBH, GBB, Ghurka Brands, and Extensis)

106.    Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

107.    Extensis denies the allegations contained in paragraph 107 of the Complaint.

108.    Extensis denies the allegations contained in paragraph 108 of the Complaint.

109.    Extensis denies the allegations contained in paragraph 109 of the Complaint.

## AS TO EIGHTH CAUSE OF ACTION
### (For alleged FMLA retaliation against Ghurka, BBH, GBB, Ghurka Brands, and Extensis)

110.    Extensis repeats its prior responses to the paragraphs contained in the Amended Complaint as if set forth in detail herein.

111.    Extensis denies the allegations contained in paragraph 111 of the Complaint.

112.    Extensis denies the allegations contained in paragraph 112 of the Complaint.

113.    Extensis denies the allegations contained in paragraph 113 of the Complaint.

WHEREFORE, Extensis denies that Plaintiff is entitled to any relief requested in the WHEREFORE Clause of the Amended Complaint, or to any other relief.  Extensis respectfully request that the Amended Complaint be dismissed as to Extensis in its entirety and with prejudice, and that Extensis be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

## AS TO JURY DEMAND

Extensis denies that Plaintiff is entitled to a trial by jury as to all issues.

FPDOCS 35988419.1

## SEPARATE DEFENSES

By way of further answer, Extensis asserts the following Separate Defenses.  In asserting these Separate Defenses, Extensis is providing notice to Plaintiff of the defenses it intends to raise, and does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

### FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### SECOND SEPARATE DEFENSE

The First Amended Complaint and each and every count thereof fails to state a claim upon which relief may be granted.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, and/or other related equitable doctrines.

### FOURTH SEPARATE DEFENSE

Extensis was not Plaintiff's employer at any time relevant to the claims alleged in the Amended Complaint and Plaintiff was not under the immediate control of Extensis at any time relevant to the claims alleged in the Amended Complaint.

### FIFTH SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were attributable to third parties over which Extensis had no control.

### SIXTH SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to their own conduct and not to the actions or inactions of Extensis, its employees, agents, or representatives.

FPDOCS 35988419.1

## SEVENTH SEPARATE DEFENSE

Plaintiff has not suffered any economic damages and, to the extent she allege damages, Plaintiff has failed to properly mitigate.

## EIGHTH SEPARATE DEFENSE

Plaintiff would be unjustly enriched by any recovery.

## NINTH SEPARATE DEFENSE

Any actions or inactions by Extensis, its employees, agents and representatives with respect to Plaintiff were legitimate, non-discriminatory, non-retaliatory, non-pretextual and absent any bias.

## TENTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages, if any, is barred by applicable law and would violate the Due Process Clause of the United States Constitution.

## ELEVENTH SEPARATE DEFENSE

Plaintiff has failed to plead facts entitling her to recover punitive damages under any circumstance.

## TWELFTH SEPARATE DEFENSE

Upon information and belief, Plaintiff was an at-will employee, and as such, her employment could be terminated, for any legitimate reason at any time, with or without cause, and with or without notice

## THIRTEENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff failed to avail herself of and/or follow Defendants' policies and procedures.

FPDOCS 35988419.1

## FOURTEENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff did not have an alleged disability(ies).

## FIFTEENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff was not perceived or regarded as having any alleged disability(ies).

## SIXTEENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff was provided with a reasonable accommodation for her alleged disability(ies).

## SEVENTEENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff was not an otherwise qualified disabled person able to perform the essential functions of her job with or without reasonable accommodation.

## EIGHTEENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff did not engage in protected activity.

## TWENTIETH SEPARATE DEFENSE

Extensis did not engage in any alleged discriminatory and/or retaliatory acts or omissions with malice or reckless disregard for Plaintiff's statutory rights.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to pursue all administrative relief prior to filing this lawsuit.

## TWENTY-SECOND SEPARATE DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, Extensis is entitled to a set-off of the amounts which Plaintiff earned or could have earned through reasonable efforts.

FPDOCS 35988419.1

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's' Amended Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## TWENTY-FOURTH SEPARATE DEFENSE

Upon information and belief, any and all actions taken concerning Plaintiff were undertaken to serve legitimate business purposes unrelated to any protected characteristic or protected activity.

## TWENTY-FIFTH SEPARATE DEFENSE

The Amended Complaint is not actionable because Extensis did not violate the New York State Human Rights Law or the New York City Administrative Code.

## RESERVATION OF RIGHTS

Extensis reserves the right to assert any other affirmative defense(s) that may become evident through investigation or discovery.

WHEREFORE, Extensis respectfully request that the Amended Complaint be dismissed as to Extensis in its entirety and with prejudice, and that Extensis be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

## CROSS CLAIMS

Defendant and Cross-Plaintiff Extensis Group, LLC ("Extensis"), by and through its undersigned counsel, hereby files this Cross-Claim against all named Co-Defendants, as follows:

1.      Extensis is a Professional Employer Organization ("PEO").  As a PEO, Extensis provides small and medium sized companies cost-effective, outsourced services for human resources, benefits, and risk management.

2.      Effective December 12, 2016, Ghurka Design & Trading, LLC ("Ghurka") entered into a "Professional Employer Service Agreement" ("the Agreement") for Extensis to provide PEO-related services to Ghurka, as well as any other entities bound by the terms of the Agreement. The Agreement remained in effect during all relevant times complained of herein.

3.      Section 8 of the Agreement provides in pertinent part that:  "[Ghurka] agrees to indemnify, protect, defend, release, and hold harmless Extensis, it's parents, subsidiaries, affiliates, directors, officers, employees, benefit plans and agents (all indemnified parties referred to as "Extensis Indemnified Parties") from and against any and all liability, expenses, losses, and claims for damages arising from or in connection with (i) any actions or inactions of Worksite Employees, Non-Worksite Employees, [Ghurka's] officers, directors, agents, and independent contractors while under [Ghurka's] direction, supervision, or control; (ii) [Ghurka's] breach of this Agreement; (iii) the products and services provided by [Ghurka] and (iv) [Ghurka's] negligent, fraudulent, willful, or reckless performance or non-performance of any of its responsibilities described in this Agreement."

4.      Ghurka, as well as any other entities bound by the terms of the Agreement, owe Extensis a defense to all claims made by Plaintiff in this action as Extensis, amongst other facts, possessed no immediate control over the terms or conditions of Plaintiff's employment, had no decision-making responsibility over Plaintiff's relationship or employment with Ghurka, and took no employment action against Plaintiff.

5.      Section 1 of the Agreement contains an exhaustive requirement that Ghurka, as well as any other entities bound by the terms of the Agreement, comply with all federal, state, and applicable local laws.  If taken as true, the allegations made by Plaintiff with respect to Ghurka establish violations of law, thereby constituting a violation of the Agreement by Ghurka.

FPDOCS 35988419.1

6.      As a consequence of the alleged wrongdoing by its agents and employees, Ghurka, as well as any other entities bound by the terms of the Agreement, has failed to satisfy the applicable obligations to Extensis, thereby constituting a breach of the Agreement.

7.      As a direct and proximate result of Ghurka's breach of the Agreement as mentioned above, Extensis has and will continue to suffer damages in an amount to be determined at trial or thereafter.

8.      Extensis accordingly demands judgment against Ghurka, as well as any other entities bound by the terms of the Agreement, in an amount including, but not limited to, damages which it may be required to pay to Plaintiff in this action, together with all of its attorneys' fees, costs, and expenses herein.

## COUNT I

## EXTENSIS' CROSS CLAIM AGAINST ALL CO-DEFENDANTS FOR CONTRIBUTION

1.      Extensis denies any liability to Plaintiff on any alleged actions or claims which form the basis of the relief sought in the Amended Complaint.  Extensis asserts that to the extent Plaintiff is able to prove any damages, those damages were actually and/or proximately caused by the actions or inactions of all co-defendants.

2.      If Extensis is found to be liable to any party with respect to the damages alleged by Plaintiff, and Plaintiff recovers judgment against Extensis for the damages alleged in the Amended Complaint, then such liability resulted solely from secondary, imputed, vicarious, noncontributory, or passive conduct, and the conduct of the co-defendants who were the primary and contributing causes of any and all injuries, damages, and losses sustained by Plaintiff, and all co-defendants shall be liable to Extensis for common law and/or contractual contribution, in whole or in part, and

FPDOCS 35988419.1

any such damages are to be apportioned between Extensis and co-defendants to the degree of responsibility that each is found to have.

## COUNT II

## EXTENSIS' CROSS CLAIM AGAINST ALL CO-DEFENDANTS FOR CONTRACTUAL AND COMMON LAW INDEMNIFICATION

1.      Extensis reasserts each of the allegations contained in the preceding paragraphs of the Cross-Claim as if fully set forth herein.

2.      Under the indemnification clause of the Agreement, Ghurka, as well as any other entities bound by the terms of the Agreement, owes a duty of defense and indemnity to Extensis arising out of the allegations contained in Plaintiff's Amended Complaint.

3.      As established above, the allegations in Plaintiff's Amended Complaint alleges material violations of federal and state law.

4.      As a direct and proximate result of Ghurka's breach of its duties under the Agreement, if any, and its failure and/or unwillingness to provide a defense to and/or indemnify Extensis for claims made by Plaintiff, the Agreement has been breached on an ongoing basis.

5.      Extensis demands judgment against Ghurka, as well as any other entities bound by the terms of the Agreement, in an amount including, but not limited to, all damages which it may be required to pay to Plaintiff, in this action, together with all attorneys' fees, costs, and expenses herein.

**WHEREFORE,** Extensis respectfully requests the Court to:

1.      Dismiss Plaintiff's Amended Complaint against Extensis in its entirety, with prejudice;

2.      Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint as to Extensis;

3.      Award Extensis the reasonable attorneys' fees and costs it incurs in defending this

action; and

4.      Grant Extensis such other and further relief as the Court deems just and proper.

**FISHER & PHILLIPS LLP**
Attorneys for Defendant Extensis Group, LLC

By:      */s/ David B. Lichtenberg*

DAVID B. LICHTENBERG
ALVARO HASANI
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
dlichtenberg@fisherphillips.com
ahasani@fisherphillips.com

The New York Times Building
620 Eighth Avenue, Suite 3650
New York, New York 10018
Phone: (212) 899-9960

Dated: August 22, 2019