Sᴛᴇɪɴᴠᴜʀᴢᴇʟ & Lᴇᴠʏ Lᴀᴡ Gʀᴏᴜᴘ
Alexander M. Levy
34 S. Broadway, Suite 210
White Plains, New York 10601
(914) 288-0102
(914) 288-0103 (fax)

*Attorneys for Defendants Banyan Mezzanine Fund II, L.P.,*
*Arnold Cohen, Diego McDonald, Richard Starke and Adam Kaplan*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| **NATALIE SMITH,**<br><br>      **Plaintiff,**<br><br> - against –<br><br>**GHURKA TRADING & DESIGN LLC, BRIGHTWORK BRAND HOLDINGS, CORP., GREEN BULL BAGS JR LLC, GURKA BRANDS LLC, EXTENSIS GROUP LLC, BANYAN MEZZANINE FUND II, L.P., ARNOLD COHEN, DIEGO MCDONALD, GLENN POLLACK, STEVEN LATKOVIC, ADAM KAPLAN, RICHARD STARKE, and SIMONETTA MORRISON,**<br>       **Defendants.** | **Case: 18-cv-09344-LGS**<br><br>**DEFENDANTS BANYAN MEZZANINE FUND II, L.P.'S, ARNOLD COHEN'S, DIEGO MCDONALD'S, RICHARD STARKE'S, AND ADAM KAPLAN'S ANSWER, AFFIRMATIVE DEFENSES, <u>AND CROSS CLAIMS</u>** |

---

  Defendants Banyan Mezzanine Fund II, L.P. ("Banyan"), Arnold Cohen ("Cohen"), Diego McDonald ("McDonald"), Richard Starke, ("Starke"), and Adam Kaplan ("Kaplan" and, collectively with Banyan, Cohen, McDonald and Starke, "Defendants"), by their undersigned attorneys, answer the Amended Complaint ("Amended Complaint") filed by Plaintiff Natalie Smith ("Plaintiff") as follows:

**AS AND FOR AN ANSWER TO THE SECTION**
**<u>OF THE AMENDED COMPLAINT TITLED NATURE OF THE ACTION</u>**

  1.  Defendants deny each and every allegation in paragraph "1" of the Amended Complaint.

2.      The allegations set forth in paragraph "2" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "2" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

**AS AND FOR AN ANSWER TO THE SECTION
OF THE AMENDED COMPLAINT TITLED JURISDICTION AND VENUE**

3.      The allegations set forth in paragraph "3" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "3" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

4.      The allegations set forth in paragraph "4" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "4" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

5.      The allegations set forth in paragraph "5" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "5" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

6.      The allegations set forth in paragraph "6" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "6" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "6" of the Amended Complaint, and therefore deny same.

7.      The allegations set forth in paragraph "7" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "7" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "7" of the Amended Complaint, and therefore deny same.

## AS AND FOR AN ANSWER TO THE SECTION OF
## <u>THE AMENDED AMENDED COMPLAINT TITLED PARTIES</u>

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "8" of the Amended Complaint, and therefore deny same, except Defendants aver that Plaintiff was employed for a time in defendant Ghurka Trading & Design LLC's ("Ghurka") New York, New York office.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "9" of the Amended Complaint except admit that Smith worked for Ghurka.

10.     Defendants deny each and every allegation set forth in paragraph "10" of the Amended Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "11" of the Amended Complaint, and therefore deny same.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "12" of the Amended Complaint, and therefore deny same.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "13" of the Amended Complaint, and therefore deny same.

14.     Defendants deny each and every allegation set forth in paragraph "14" of the Amended Complaint except admit that Banyan is a Delaware Corporation with its headquarters in Florida.

15.     Defendants deny each and every allegation set forth in paragraph "15" of the Amended Complaint except admit that Cohen was the Chairman and Chief Executive Officer of Ghurka.

16.     Defendants deny each and every allegation set forth in paragraph "16" of the Amended Complaint except admit that McDonald is a resident of New York, and was the President of Ghurka.

17.     Defendants deny each and every allegation set forth in paragraph "17" of the Amended Complaint except admit that Glenn Pollack ("Pollack") was a founder and Managing Director of Candlewood Partners.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "18" of the Amended Complaint, and therefore deny same.

19.     Defendants deny each and every allegation set forth in paragraph "19" of the Amended Complaint except admit Kaplan is a resident of Florida.

20.     Defendants deny each and every allegation set forth in paragraph "20" of the Amended Complaint except admit Starke is a resident of Florida and Managing Director at Banyan.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "21" of the Amended Complaint, and therefore deny same except admit that Simonetta Morrison ("Morrison") was a Merchant Consultant for Ghurka.

## AS AND FOR AN ANSWER TO THE SECTION OF
## THE AMENDED COMPLAINT TITLED FACTUAL ALLEGATIONS

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "22" of the Amended Complaint, and therefore deny same.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "23" of the Amended Complaint, and therefore deny same.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "24" of the Amended Complaint, and therefore deny same.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "25" of the Amended Complaint, and therefore deny same.

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "26" of the Amended Complaint, and therefore deny same.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "27" of the Amended Complaint, and therefore deny same.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "28" of the Amended Complaint, and therefore deny same.

29.    Defendants deny each and every allegation set forth in paragraph "29" of the Amended Complaint.

30.      Defendants deny each and every allegation set forth in paragraph "30" of the Amended Complaint.

31.      Paragraph "31" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "31" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

32.      Paragraph "32" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "32" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

33.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "33" of the Amended Complaint, and therefore deny same.

34.      Defendants deny each and every allegation set forth in paragraph "34" of the Amended Complaint.

35.      Defendants deny each and every allegation set forth in paragraph "35" of the Amended Complaint.

36.      Defendants admit each and every allegation set forth in paragraph "36" of the Amended Complaint.

37.      Defendants admit each and every allegation set forth in paragraph "37" of the Amended Complaint.

38.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "38" of the Amended Complaint, and therefore deny same.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "39" of the Amended Complaint, and therefore deny same.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "40" of the Amended Complaint, and therefore deny same.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "41" of the Amended Complaint, and therefore deny same.

42.     Defendants deny each and every allegation set forth in paragraph "42" of the Amended Complaint.

43.     Defendants deny each and every allegation set forth in paragraph "43" of the Amended Complaint.

44.     Defendants deny each and every allegation set forth in paragraph "44" of the Amended Complaint.

45.     Defendants deny each and every allegation set forth in paragraph "45" of the Amended Complaint.

46.     Defendants deny each and every allegation set forth in paragraph "46" of the Amended Complaint except admit that Kaplan and Starke were Managing Directors of Banyan.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "47" of the Amended Complaint, and therefore deny same.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "48" of the Amended Complaint, and therefore deny same.

49.     Defendants admit each and every allegation set forth in paragraph "49" of the Amended Complaint.

50.     Defendants deny each and every allegation set forth in paragraph "50" of the Amended Complaint.

51.     Defendants deny each and every allegation set forth in paragraph "51" of the Amended Complaint.

52.     Defendants deny each and every allegation set forth in paragraph "52" of the Amended Complaint.

53.     Paragraph "53" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "53" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

54.     Paragraph "54" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "54" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

55.     Paragraph "55" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "55" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

56.     Paragraph "46" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "56" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient

to form a belief as to the truth or falsity of the allegation set forth in paragraph "56" of the Amended Complaint, and therefore deny same.

57.     Defendants deny each and every allegation set forth in paragraph "57" of the Amended Complaint.

58.     Paragraph "58" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "58" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

59.     Paragraph "59" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "59" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

60.     Paragraph "60" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "60" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "61" of the Amended Complaint, and therefore deny same.

62.     Paragraph "62" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "62" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

63.     Defendants deny each and every allegation set forth in paragraph "63" of the Amended Complaint.

64.     Defendants deny each and every allegation set forth in paragraph "643" of the Amended Complaint except admit that Kaplan and Starke were Managing Directors of Banyan.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "65" of the Amended Complaint, and therefore deny same.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "66" of the Amended Complaint, and therefore deny same.

67.     Paragraph "67" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "67" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

68.     Paragraph "68" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "68" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

69.     Paragraph "69" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "69" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

70.     Paragraph "70" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "70" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

71.     Paragraph "71" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "71" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

72.     Paragraph "72" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "72" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

73.     Paragraph "73" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "73" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "73" of the Amended Complaint, and therefore deny same.

74.     Paragraph "74" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "74" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "74" of the Amended Complaint, and therefore deny same.

75.     Paragraph "75" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "75" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

76.         Paragraph "76" references a document that speaks for itself and Defendants respectfully refer the Court to same.  To the extent paragraph "76" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "76" of the Amended Complaint.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "77" of the Amended Complaint, and therefore deny same.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "78" of the Amended Complaint, and therefore deny same.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "79" of the Amended Complaint, and therefore deny same.

80.     The allegations set forth in paragraph "80" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "80" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "80" of the Amended Complaint, and therefore deny same.

### AS AND FOR AN ANSWER TO THE SECTION OF THE AMENDED COMPLAINT TITLED FIRST CAUSE OF ACTION (ADA – DISCRIMINATION AGAINST GHURKA, BBH, GBB, AND GHURKA BRANDS)

81.     Defendants repeat, reallege and incorporate by reference paragraphs "1" through "80" of this Answer as if they were fully set forth again herein.

82.     The allegations set forth in paragraph "82" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "82" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

83.     The allegations set forth in paragraph "83" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "83" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

84.     The allegations set forth in paragraph "84" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "84" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

85.     The allegations set forth in paragraph "85" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "85" of the Amended Complaint is deemed to contain factual allegations, Defendants are without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "85" of the Amended Complaint, and therefore deny same.

**AS AND FOR AN ANSWER TO THE SECTION OF**
**THE AMENDED COMPLAINT TITLED SECOND CAUSE OF ACTION**
**(STATE LAW – DISCRIMINATION AGAINST ALL DEFENDANTS)**

86.     Defendants repeat, reallege and incorporate by reference paragraphs "1" through "85" of this Answer as if they were fully set forth herein.

87.     The allegations set forth in paragraph "87" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "87" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

88.     The allegations set forth in paragraph "88" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "88" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

89.     The allegations set forth in paragraph "89" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "89" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "89" of the Amended Complaint, and therefore deny same.

**AS AND FOR AN ANSWER TO THE SECTION OF**
**THE AMENDED COMPLAINT TITLED THIRD CAUSE OF ACTION**
**(CITY LAW – DISCRIMINATION AGAINST ALL DEFENDANTS)**

90.     Defendants repeat, reallege and incorporate by reference paragraphs "1" through "89" of this Answer as if they were fully set forth herein

91.     The allegations set forth in paragraph "91" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "91" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

- 13 -

92.     The allegations set forth in paragraph "92" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "92" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

93.     The allegations set forth in paragraph "93" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "93" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "93" of the Amended Complaint, and therefore deny same.

94.     The allegations set forth in paragraph "94" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "94" of the Amended Complaint is deemed to contain factual allegations, Defendants deny each and every allegation set forth in paragraph "94" of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECTION OF
## THE AMENDED COMPLAINT TITLED FOURTH CAUSE OF ACTION
## (ADA – RETALIATION AGAINST GHURKA, BBH, GBB, AND GHURKA BRANDS)

95.     Defendants repeat, reallege and incorporate by reference paragraphs "1" through "94" of this Answer, as if they were fully set forth herein.

96.     The allegations set forth in paragraph "96" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "96" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

97.     The allegations set forth in paragraph "97" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "97" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

98.     The allegations set forth in paragraph "98" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph

"98" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "98" of the Amended Complaint, and therefore deny same.

**AS AND FOR AN ANSWER TO THE SECTION OF**
**THE AMENDED COMPLAINT TITLED FIFTH CAUSE OF ACTION**
**(STATE LAW – RETALIATION AGAINST ALL DEFENDANTS)**

99.     Defendants repeat, reallege and incorporate by reference paragraphs "1" through "98" of this Answer, as if they were fully set forth herein.

100.     The allegations set forth in paragraph "100" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "100" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

101.     The allegations set forth in paragraph "101" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "101" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "101" of the Amended Complaint, and therefore deny same.

**AS AND FOR AN ANSWER TO THE SECTION OF**
**THE AMENDED COMPLAINT TITLED SIXTH CAUSE OF ACTION**
**(CITY LAW – RETALIATION AGAINST ALL DEFENDANTS)**

102.     Defendants repeat, reallege and incorporate by reference paragraphs "1" through "101" of this Answer, as if they were fully set forth herein.

103.     The allegations set forth in paragraph "103" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "103" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

104.     The allegations set forth in paragraph "104" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph

"104" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "104" of the Amended Complaint, and therefore deny same.

105.    The allegations set forth in paragraph "105" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "105" of the Amended Complaint is deemed to contain factual allegations, Defendants deny them.

### AS AND FOR AN ANSWER TO THE SECTION OF
### THE AMENDED COMPLAINT TITLED SEVENTH CAUSE OF ACTION
### (FMLA – INTERFERENCE AGAINST GHURKA, BBH, GBB, GHURKA BRANDS, AND EXTENSIS)

106.    Defendants repeat, reallege and incorporate by reference paragraphs "1" through "105" of this Answer, as if they were fully set forth herein.

107.    The allegations set forth in paragraph "107" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "107" of the Amended Complaint is deemed to contain factual allegations, Defendants deny same.

108.    The allegations set forth in paragraph "108" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "108" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "108" of the Amended Complaint, and therefore deny same.

109.    The allegations set forth in paragraph "109" of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph "109" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "109" of the Amended Complaint, and therefore deny same.

**AS AND FOR AN ANSWER TO THE SECTION OF
THE AMENDED COMPLAINT TITLED EIGHTH CAUSE OF ACTION
(FMLA – RETALIATION AGAINST GHURKA, BBH, GBB, GHURKA BRANDS,
AND EXTENSIS)**

110.    Defendants repeat, reallege and incorporate by reference paragraphs "1" through "109" of this Answer, as if they were fully set forth herein.

111.    The allegations set forth in paragraph "111" of the Amended Complaint constitute statements and conclusions of law to which no response is required. To the extent that paragraph "111" of the Amended Complaint is deemed to contain factual allegations, Defendants deny same.

112.    The allegations set forth in paragraph "112" of the Amended Complaint constitute statements and conclusions of law to which no response is required. To the extent that paragraph "112" of the Amended Complaint is deemed to contain factual allegations, Defendants deny same.

113.    The allegations set forth in paragraph "113" of the Amended Complaint constitute statements and conclusions of law to which no response is required. To the extent that paragraph "113" of the Amended Complaint is deemed to contain factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph "113" of the Amended Complaint, and therefore deny same.

WHEREFORE, Defendants specifically deny that Plaintiff is entitled to any relief whatsoever and demand that the Amended Complaint be dismissed with prejudice.

**AS TO JURY DEMAND**

114.    Defendants deny that Plaintiff is entitled to a trial by jury as to all issues.

**AFFIRMATIVE DEFENSES**

115.    By way of further answer, Defendants assert the following Affirmative Defenses. In asserting these Affirmative Defenses, Defendants are providing notice to Plaintiff of some of the defenses they intend to raise, and do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

116.    The claims asserted by and on behalf of Plaintiff Natalie Smith ("Plaintiff") fail in whole or in part because the Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

117.    Plaintiff is barred from obtaining relief based on the doctrines of unclean hands, consent, waiver, estoppel, and other equitable defenses, including but not limited to on the basis of her failure to avail herself of Defendants' preventative and corrective opportunities.

## THIRD AFFIRMATIVE DEFENSE

118.    Plaintiff's claims fail, in whole or in part, because she failed to mitigate her damages, if any, as required by law.

## FOURTH AFFIRMATIVE DEFENSE

119.    Plaintiff's claim for damages fails in whole or in part because, upon information and belief, any purported injuries to Plaintiff were not proximately caused by Defendants but by intervening and superseding causes.

## FIFTH AFFIRMATIVE DEFENSE

120.    Plaintiff's purported remedies may be limited by the doctrine of after-acquired evidence, subject to a reasonable opportunity for investigation and discovery.

## SIXTH AFFIRMATIVE DEFENSE

121.    Plaintiff's claim fail, in whole or in part, because Plaintiff failed to properly exhaust all administrative remedies, and/or otherwise failed to comply with the statutory prerequisites for bringing this action.

## SEVENTH AFFIRMATIVE DEFENSE

122.    Plaintiff's claims are barred, in whole or in part, to the extent that they do not reasonably fall within the scope of any administrative charge filed by Plaintiff with the Equal Employment Opportunity Commission and or any other administrative agency.

## EIGHTH AFFIRMATIVE DEFENSE

123.    Plaintiff's claims are barred, in whole or in part, because any actions on the part of Defendants were based on legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

124.    Plaintiff has suffered no injury or damage by reason of anything done by Defendants and is thus barred from asserting any cause of action against Defendants.

## TENTH AFFIRMATIVE DEFENSE

125.    Plaintiff's claims are barred in whole or in part because Defendants would have taken the same action in the absence of any alleged impermissible motivating factor.

## ELEVENTH AFFIRMATIVE DEFENSE

126.    Plaintiff is not entitled to recover any compensatory or other monetary damages from Defendants for any alleged emotional distress, on the grounds that Plaintiff's exclusive remedy for such alleged injuries arises under the New York State workers' compensation statute, New York State Workers' Compensation Board, and exclusive jurisdiction over such claims is vested in the New York State Workers' Compensation Board.

## TWELFTH AFFIRMATIVE DEFENSE

127.    Defendants are entitled to an offset for any income Plaintiff made or might have made through reasonable mitigation efforts.

## THIRTEENTH AFFIRMATIVE DEFENSE

128.     Defendants asserts that Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendants, or any of them are found liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

## FOURTEENTH AFFIRMATIVE DEFENSE

129.     Plaintiff's claims fail in whole or in part because Plaintiff has not asserted any claim for which punitive or exemplary damages may be awarded.

## FIFTEENTH AFFIRMATIVE DEFENSE

130.     Plaintiff's claims for punitive or exemplary damages are barred because any alleged unlawful actions by Defendant agents or employees, which are specifically denied, were contrary to Defendant good faith efforts to comply with applicable laws prohibiting discrimination.

## SIXTEENTH AFFIRMATIVE DEFENSE

131.     Defendants is not liable for punitive damages or exemplary because none of its officers, directors, or managing agents either authorized, committed, or ratified any alleged malicious, fraudulent, or oppressive acts, or had advance knowledge of any lack of fitness of any employee who allegedly committed any such acts, or employed any such employee with conscious disregard of the rights of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

132.     Any request by Plaintiff for punitive or exemplary damages is barred because the imposition of punitive or exemplary damages violates the rights of Defendants to due process and equal protection under the law which are protected by the United States Constitution and the Constitution of the State of New York.

## EIGHTEENTH AFFIRMATIVE DEFENSE

133.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

134.    Plaintiff's claims against Arnold Cohen and Diego McDonald fail, in whole or in part, because they are not subject to individual liability.

## TWENTIETH AFFIRMATIVE DEFENSE

135.    Defendants' alleged conduct is not the sole and proximate cause of the alleged damages and losses, if any, of Plaintiff. If and to the extent Plaintiff has sustained any damages, other third parties for whom Defendants is not legally responsible are solely responsible for the acts complained of in the Amended Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

136.    Plaintiff's claims for monetary relief are barred, in whole or in part, on the basis of the avoidable consequences doctrine.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

137.    The Amended Complaint is vague, uncertain, ambiguous and unintelligible with respect to allegations material to each of Plaintiff's asserted causes of action, and therefore is insufficient to apprise Defendants of the issues they are to meet.

## TWENTY- THIRD AFFIRMATIVE DEFENSE

138.    Plaintiff's claims are barred in whole or in part because Plaintiff benefited more than Defendants from the purported activity on which her claims are based.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

139.    Plaintiff's claims are barred because Plaintiff has not suffered any cognizable damage or other harm as a result of any act or omission of Defendants.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

140.     Any losses or damages allegedly caused by Defendants and sustained by Plaintiff, which Defendants deny, are de minimis, remote, speculative or transient, and therefore not cognizable at law.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

141.     Plaintiff is precluded from pursuing the Amended Complaint and the purported causes of action alleged therein because Plaintiff and/or her agents acquiesced to the acts and/or omissions upon which the Amended Complaint is based.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

142.     Plaintiff's claims are barred by virtue of her contributory and/or willful misconduct in and about the matters complained of, in that the misconduct of Plaintiff proximately caused the occurrence of the alleged acts and damages, if any, sustained by Plaintiff.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

143.     Defendants deny that they have engaged in the conduct attributed to it in the Amended Complaint and deny that they have any liability to Plaintiff for damages.  However, if it is determined that Defendants are otherwise liable to Plaintiff for any of the matters alleged in the Amended Complaint, damages are barred because Plaintiff would be unjustly enriched if granted damages as prayed for in the Amended Complaint.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

144.     Any damage or loss sustained by Plaintiff was proximately caused and/or contributed to by the conduct of Plaintiff, thereby precluding her claims entirely, reducing her recoverable damages, and/or entitling Defendants to a proportional set-off.

## THIRTIETH AFFIRMATIVE DEFENSE

145.    Plaintiff's Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent that Plaintiff seeks multiple recoveries for the same alleged acts or wrongs.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

146.    Although Defendants deny that they engaged in the conduct attributed to them by Plaintiff, if it is determined that the alleged conduct is legally attributable to Defendants, Defendants assert that, at all relevant times, they exercised reasonable care to prevent and correct any purported unlawful conduct, and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided to Plaintiff to avoid harm.

## THIRTY- SECOND AFFIRMATIVE DEFENSE

147.    To the extent that Plaintiff has suffered any damages, which Defendants expressly deny, she has failed to take reasonable steps to mitigate these purported damages, and any recovery by Plaintiff must be barred or diminished by reason of her failure to mitigate.

## THIRTY- THIRD AFFIRMATIVE DEFENSE

148.    Plaintiff's claims are barred, in whole or in part, because Plaintiff engaged in inequitable conduct which proximately caused or contributed to any and all injuries allegedly suffered.

## THIRTY- FOURTH AFFIRMATIVE DEFENSE

149.    Plaintiff is estopped, in whole or in part, from asserting the purported causes of action alleged in the Amended Complaint by virtue of her own acts and omissions because Plaintiff failed to take proper steps to assert in a timely manner the claims alleged in the Amended Complaint and otherwise acted in a manner inconsistent with an intent to assert or preserve any alleged rights to assert those claims to the detriment of Defendants.

## THIRTY- FIFTH AFFIRMATIVE DEFENSE

150.    Plaintiff is barred from recovering against Defendants on the claims in the Amended Complaint because Plaintiff has waived whatever right she may have had to assert the purported causes of action alleged therein by failing to take proper steps to assert her claims in a timely fashion, knowingly relinquishing such claims and otherwise acting in a manner inconsistent with an intent to assert or preserve any alleged rights to assert such claims.

## THIRTY- SIXTH AFFIRMATIVE DEFENSE

151.    The claims set forth in the Amended Complaint are barred in whole or in part because Defendants had an honest, good faith belief, on reasonable grounds, that all actions on their part were lawful, made by Defendants solely for legitimate, business-related reasons that were not arbitrary, capricious or unlawful and were made in good faith and reasonably based upon the facts as Defendants understood them.

## THIRTY- SEVENTH AFFIRMATIVE DEFENSE

152.    Plaintiff's claims are barred to the extent injunctive and/or other equitable relief is sought, because she has an adequate remedy at law and has suffered no irreparable harm due to any alleged conduct of Defendants, or either of them.

## THIRTY- EIGHTH AFFIRMATIVE DEFENSE

153.    Defendants Green Bull Bags Jr LLC, Ghurka Brands Holdings LLC, and Ghurka Brands LLC are obligated at law to indemnify Defendants for any liability Defendants Green Bull Bags Jr LLC, Ghurka Brands Holdings LLC, and Ghurka Brands LLC may have to Plaintiffs.

## THIRTY- NINTH AFFIRMATIVE DEFENSE

154.    The Court is without personal jurisdiction over Defendants.

## FORTIETH AFFIRMATIVE DEFENSE

155.    This action or any relief sought by Plaintiff is barred, in whole or in part, because Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed.  Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

## FORTY-FIRST AFFIRMATIVE DEFENSE

156.    Plaintiff has not suffered any economic damages and, to the extent she alleges damages, Plaintiff has failed to properly mitigate.

## FORTY-SECOND AFFIRMATIVE DEFENSE

157.    Any actions or inactions by Defendants, its employees, agents and representatives with respect to Plaintiff were legitimate, non-discriminatory, non-retaliatory, non-pretextual and absent any bias.

## FORTY-THIRD AFFIRMATIVE DEFENSE

158.    Upon information and belief, Plaintiff was an at-will employee, and as such, her employment could be terminated, for any legitimate reason at any time, with or without cause, and with or without notice.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

159.    Upon information and belief, Plaintiff failed to avail herself of and/or follow Defendants' policies and procedures.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

160.    Upon information and belief, Plaintiff did not have an alleged disability(ies).

## FORTY-SIXTH AFFIRMATIVE DEFENSE

161.    Upon information and belief, Plaintiff was not perceived or regarded as having any alleged disability(ies).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

162.    Upon information and belief, Plaintiff was provided with a reasonable accommodation for her alleged disability(ies).

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

163.    Upon information and belief, Plaintiff was not an otherwise qualified disabled person able to perform the essential functions of her job with or without reasonable accommodation.

## FORTY-NINTH AFFIRMATIVE DEFENSE

164.    Upon information and belief, Plaintiff did not engage in protected activity.

## FIFTIETH AFFIRMATIVE DEFENSE

165.    Defendants did not engage in any alleged discriminatory and/or retaliatory acts or omissions with malice or reckless disregard for Plaintiff's statutory rights.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

166.    Plaintiff's Amended Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

167.    The Amended Complaint is not actionable because Defendants did not violate the New York State Human Rights Law or the New York City Administrative Code.

## CROSS-CLAIM

### (Indemnification against Ghurka, BBH, GBB, Ghurka Holdings, Ghurka Brands, and Extensis)

168.    If plaintiff sustained damages in the manner alleged in the Amended Complaint, all of which is denied by Defendants, such damages were caused, in whole or in part, by the negligence, carelessness, culpable conduct, breach of duty and/or intentional conduct of the co-defendants Ghurka Trading & Design LLC, Brightwork Brand Holdings, Corp., Green Bull Bags Jr LLC, Ghurka Holdings LLC, Ghurka Brands LLC, and Extensis Group LLC (collectively the "Corporate Defendants"), and of third parties who are not parties to this action, with no negligence, carelessness, culpable conduct, breadth of duty and/or intentional conduct on the part of Defendants contributing thereto.

169.    Upon information and belief, the corporate documents of each of the Corporate Defendants provide for express and agreed indemnity of all corporate officers and directors including, but not limited to, Defendants.

170.    Upon information and belief, other agreements between each of the Corporate Defendants and Defendants provide for defense and indemnification of all corporate officers and directors, including, but not limited to, Defendants.

171.    By reason of the foregoing, Defendants are entitled to defense, full indemnity and/or contribution from, and to judgment over and against Corporate Defendants for all or any part of any verdict or judgment which any party to this action may recover against Defendants, all determined in accordance with the relative culpability of each party liable herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully requests that this Honorable Court:

A.      Enter judgment dismissing Plaintiff's Amended Complaint in its entirety with prejudice;

B.      Enter judgment granting Defendants' Cross-Claim in its entirety;

C.      Enter judgment awarding Defendants costs and expenses incurred in defending against Plaintiff's claims including, without limitation, their reasonable attorneys' fees; and

D.      Enter judgment awarding Defendants such other and further relief as this Court deems just and proper.

Dated:      August 23, 2019
            White Plains, New York

Respectfully submitted,

**STEINVURZEL & LEVY LAW GROUP**

By: _____
            Alexander M. Levy
34 S. Broadway, Suite 210
White Plains, New York 10601
alevy@steinlevy.com
(914) 288-0102
(914) 288-0103 (fax)

*Attorney for Defendants*
*Banyan Mezzanine Fund II, L.P., Arnold*
*Cohen, Diego McDonald, Richard Starke and*
*Adam Kaplan*