# V<span>LADECK</span>, R<span>ASKIN</span> & C<span>LARK</span>, P.C.

VALDI LICUL
212.403.7311
VLICUL@VLADECK.COM

February 6, 2020

BY ECF

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/18/2020
```

    Re: Natalie Smith v. Ghurka Trading & Design LLC, et al.
       Case No. 18 Civ. 09344

Dear Judge Liman:

  We represent plaintiff Natalie Smith in the above-captioned employment matter. The defendants in this action are plaintiff's employer and various related entities, Ghurka Trading & Design LLC ("GT&D"); Brightwork Brand Holdings, Corp. ("BBH"); Green Bull Bags Jr LLC ("GBB"); Ghurka Brands LLC; Extensis Group LLC; Banyan Mezzanine Fund, LLC; as well as individual defendants Arnold Cohen, Diego McDonald, Simonetta Morrison, Richard Starke, Adam Kaplan, Steven Latkovic, and Glenn Pollack.

  We write in accordance with Your Honor's Individual Rule 4.B to request respectfully the Court's intervention raised in the parties' joint discovery letter dated January 30, 2020, submitted to the Honorable Lorna Schofield (attached). Plaintiff requests that the Court (1) compel non-party Luxury Leather Brands ("LLB") to comply with plaintiff's subpoena; (2) compel defendants Latkovic and Pollack to comply with their discovery obligations; and (3) consider imposing appropriate sanctions on Latkovic and Pollack.

## Background

  Smith was the Vice President of Merchandising and Retail Strategy for GT&D, a retailer of high-end leather accessories. In early 2017, Smith fell ill, requiring a short, eight-week medical leave. The company refused, allowing Smith only six weeks of leave. Thankfully, Smith was cleared by her physician to return to work within the restricted time frame. The company, however, demanded that Smith provide medical documentation that she would not become ill again. When

Honorable Lewis J. Liman
February 6, 2020
Page 2

Smith could not do so – because no doctor can provide a guarantee against future illness – Ghurka unlawfully fired Smith.[1]

On October 12, 2018, Smith brought this action, as amended on June 26, 2019, against her employer, managers and various related and successor entities for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act 29 U.S.C. § 2601 et. seq.; the New York State Human Rights Law, Executive Law § 290 et seq.; and the Administrative Code of the City of New York § 8-107 et seq. Discovery was originally set to be completed by May 10, 2019. (Dkt. 20)  However, because of significant delays caused, in part, by Latkovic's and Pollack's efforts to evade service,[2] the Honorable Lorna Schofield extended the fact discovery deadline to March 16, 2020. (Dkt. 131)

In accordance with Your Honor's Individual Rule 1.B., plaintiff's counsel has attempted, without success, to communicate with counsel for Latkovic and Pollack by letter (January 7), email (January 14, 21, 28, and 30), and telephone (January 21 and 30).

### The LLB Subpoena

Plaintiff served a subpoena on non-party LLB on September 18, 2019, for information and documents concerning plaintiff's claims.[3] LLB has ignored the subpoena. It has not produced any responsive documents, objected to any of the requests, nor sought additional time to respond. Plaintiff respectfully requests that this Court issue an order compelling LLB to respond. See United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) (remedy for non-compliance with third-party subpoena is an order directing compliance).

### Latkovic's and Pollack's Failure to Respond to Discovery Requests

Parties must respond to document requests and interrogatories. Fed. R. Civ. P. 26, 33, and 34. While a party may object to any request it deems improper, Komondy v. Gioco, No. 3:12 - CV

---

[1] See Furman v. City of N.Y., No. 07-CV-1014 (RRM) (JO), 2009 WL 4626706, at *6 (E.D.N.Y. Dec. 7, 2009) ("A policy that requires an employee to be 100 percent healed prior to returning to work violates the ADA.").

[2] On October 18, 2019, Latkovic and Pollack, after refusing service at their business, finally agreed to accept service through counsel rather than disclose personal addresses where they could be served.

[3] At a court conference on August 8, 2019, counsel for defendants BBH, GBB, Latkovic and Pollack, stated that LLB was likely in possession of plaintiff's employer's computer server. Plaintiff believes that the server is likely to contain relevant documents concerning plaintiff's employment, her request for medical leave and defendants' refusal to permit her to return to work.

- 250 CSH, 2015 WL 917867, at *2 (D. Conn. Mar. 3, 2015), it may not wholly ignore its discovery obligations. See Brown v. Clayton, No. 3:11CV714 JCH, 2012 WL 3113145, at *1 (D. Conn. July 31, 2012) (Rule 26); Convermat Corp. v. St. Paul Fire & Marine Ins. Co., No. CV 06-1045 JFB AKT, 2007 WL 2743696, at *2 (E.D.N.Y. Sept. 18, 2007) (Rule 33).

Here, on December 5, 2019, plaintiff served discovery requests on Latkovic and Pollack. Responses were due within 30 days (January 6, 2020), see Fed. R. Civ. P. 34(b)(2)(A), or, at the latest, by February 3, 2020, pursuant to this Court's Fourth Amended Scheduling Order. (Dkt. 131) Latkovic and Pollack have ignored the requests. Further, Latkovic and Pollack have ignored all of plaintiff's efforts, through counsel, to discuss the missing responses. Accordingly, plaintiff respectfully requests that the Court issue an order directing that these defendants comply with their discovery obligations.

Imposing sanctions on Latkovic and Pollack would also be appropriate. District Courts have "broad discretion in fashioning [] appropriate sanction[s]" for a party's failure to comply with discovery obligations. Greene v. Netsmart Techs., Inc., No. CV 08-4971 TCP AKT, 2011 WL 2225004, at *7 (E.D.N.Y. Feb. 28, 2011), report and recommendation adopted, No. 08-CV-4971 TCP, 2011 WL 2193399 (E.D.N.Y. June 2, 2011). "The range of sanctions available to a court include - but is not limited to - orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting default judgment against the disobedient party; or entering an order of contempt." Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc., 323 F.R.D. 167, 172 (S.D.N.Y. 2017).

Plaintiff should, at the least, be awarded her "reasonable expenses and attorney's fees" for bringing this motion. Tse v. UBS Fin. Servs., Inc., 568 F. Supp. 2d 274, 321 (S.D.N.Y. 2008) (internal citations omitted). In addition to ignoring plaintiff's discovery requests and her attempts to resolve the dispute without court intervention, Latkovic and Pollack already have delayed this matter significantly by seemingly avoiding service for months. (See plaintiff's letters to the Court dated July 30, 2019 (Dkt. 78) and October 4, 2019 (Dkt.109)) To the extent these defendants continue to fail to respond, their pleadings should be stricken and a default finding should issue. See Software Freedom Conservancy, Inc. v. Best Buy Co., No. 09 CIV. 10155 (SAS), 2010 WL 2985320, at *2 (S.D.N.Y. July 27, 2010) (granting default judgment because, inter alia, discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril.'") (quoting Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir.1995)).

Respectfully submitted,

/s

Valdi Licul

cc:   Counsel for all parties (via ECF)

1081200 v1

> The motion to compel as to Defendants Latkovic and Pollack is DENIED as moot based on their counsel's representation that discovery responses have now been served. The motion to compel as to non-party LLB is DENIED as moot given its counsel's representation that LLB will comply with its discovery obligations. The motion for sanctions is DENIED without prejudice, but subject to reinstatement should Defendants or LLB not timely comply with their discovery obligations. SO ORDERED. 2/18/2020.

LEWIS J. LIMAN
United States District Judge