USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
: 
NATALIE SMITH, :
:
Plaintiff, :
: 18-cv-9344 (LJL)
-v- :
: ORDER
GHURKA TRADING & DESIGN LLC, et al., :
:
Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Natalie Smith has brought a motion to compel non-party Luxury Leather Brands, LLC ("LLB") to produce documents in response to a subpoena, and to impose appropriate sanctions on its failure to produce documents. Dkt. No. 140. Plaintiff previously brought a motion to compel on February 6, 2020, which this Court denied as moot based on LLB's representation that it would produce the requested documents. Dkt. No. 139. The below facts are taken from the letters submitted by the parties.

On September 18, 2019, Plaintiff served a subpoena on LLB, which allegedly possesses relevant documents concerning Plaintiff's employment and the claims at issue. LLB's response to that subpoena was due October 11, 2019, yet it still had not produced the documents as of the date of Plaintiff's instant motion.

LLB's primary justification for non-compliance is that Plaintiff did not make good faith efforts to obtain compliance before seeking court intervention. Dkt. Nos. 137, 141. In particular, LLB argues that Plaintiff did not make efforts "directly" with LLB over the past five months to seek compliance with the subpoena, and Plaintiff did not propose search terms or other ESI protocols until February 14, 2020.

Plaintiff responds that it attempted to reach LLB through defense counsel representing certain of the other defendants on November 22, 2019, December 6, 2019, and again on January 7, 2020 but did not receive the requested production. *See* Dkt. Nos. 138-2, 138-3. In response to Plaintiff's email on November 22, defense counsel indicated that LLB was represented by counsel, but it appears there was no further communication concerning the production until February 13, 2020 in response to Plaintiff's first motion to compel.

Plaintiff has shown good cause for the issuance of an order compelling discovery against LLB. The parties have agreed upon search terms and LLB needs to produce. Although LLB explains that compliance with the subpoena is not a small undertaking, it is undisputed that the subpoena was properly served on September 18, 2019 and that LLB has had over five months to complete this production. Nor has LLB properly substantiated any burden from compliance other than the time needed to review documents for privilege and relevance. Dkt. No. 141. LLB has had several months to start and complete this review.

At the same time, some fault lies with Plaintiff in failing to raise the issue with the Court between the production deadline in October 2019 and the joint status letter raising this issue in January 2020. *See* Dkt. No. 133. Although the Court appreciates Plaintiff's attempts to first resolve the issue with LLB, in such a situation where non-compliance threatens to prolong the litigation and extend the Court-imposed deadlines, judicial intervention may be warranted.

The motion to compel is GRANTED. The motion to impose sanctions is DENIED. Non-party LLB is ordered to comply with the subpoena by March 13, 2020.

SO ORDERED.

Dated: March 6, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge